**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Park V Bishop, Jr., | No. CV-22-00130-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| John Ramirez, | |
| Defendant. | |

**I.**

Before the Court is the United States' Motion to Dismiss Plaintiff's First Amended Complaint. (Doc. 17.) The Court previously dismissed Plaintiff's Complaint and granted leave to amend. (Doc. 15.) In his Amended Complaint, Plaintiff reasserts that the Defendant, John Ramirez, a United States Citizenship and Immigrations Services official, defamed him by accusing him of bigamy and/or polygamy when denying an I-130 application.[1] He also alleges that the Defendant violated his Sixth Amendment rights "by using his position to prevent prosecution, and prevent the opportunity for Plaintiff to face his accuser." (Doc. 16 at 4.) Plaintiff finally alleges that the Defendant violated his Fourteenth Amendment rights by "[denying] the Plaintiff of his basic rights." (*Id*.) In

---

[1] The I-130 application is titled Petition for Alien Relative. According to the USCIS website, applicants are instructed to "[u]se this form if you are a U.S. citizen or lawful permanent resident (LPR) and you need to establish your relationship to an eligible relative who wishes to come to or remain in the United States permanently and get a Permanent Resident Card (also called a Green Card)." *Petition for Alien Relative*, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, https://www.uscis.gov/i-130 (last visited September 24, 2022).

support of these constitutional claims, Plaintiff claims that Defendant "[did] not follow protocol as described in the USCIS's handbook" and that Defendant "did not follow the Chain of Custody." (*Id.* at 5.) Plaintiff seeks a damages award.[2]

## II.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citations omitted).

## III.

### A.

The Amended Complaint does not cure the jurisdictional defects identified in the United States' previous Motion to Dismiss and the Court's Order. That is, the new pleading does not advance a plausible theory that this Court has federal subject matter jurisdiction over his defamation claim. (*See* Doc. 15 at 1-2.) The Federal Tort Claims Act, in which Congress enacted a limited waiver of the United States' sovereign immunity, does not extend to defamation claims. 28 U.S.C. § 2680(h); *Kaiser v. Blue Cross of Calif.*, 347 F.3d 1107, 1117 (9th Cir. 2003). The Court therefore lacks subject matter jurisdiction over that claim.

### B.

The Court agrees with the United States that is also lacks subject matter jurisdiction over Plaintiff's Sixth and Fourteenth Amendment claims. While the nature of the Fourteenth Amendment claim is far from clear, it appears to the Court that Plaintiff asserts a due process violation arising from Defendant's processing and ultimate denial of the I-130 application. Plaintiff's Sixth Amendment claim is less understandable since that amendment establishes certain rights for criminal defendants.

Plaintiff's constitutional claims are not cognizable on their face. The Fourteenth Amendment's due process guarantee applies to the states and state actors. It does not apply

---

[2] "[W]hen the Plaintiff['s] I-130 was denied, the Plaintiff's spouses' work permit was withdrawn and caused the Plaintiff multiple monetary damages." (Doc. 16, ¶ 7.)

to federal government actors. *San Francisco Arts & Athletics, Inc. v. U.S. Olympic Comm.*, 483 U.S. 522, 542 n.21 (1987) ("The Fourteenth Amendment applies to actions by a State."). The facts alleged arise entirely outside of the criminal justice process and, therefore, the Sixth Amendment has no application here. *See* U.S. COST. AMEND. VI. ("In all criminal prosecutions, the accused shall enjoy . . . .").

Even if the Amended Complaint can overcome these fundamental defects, subject matter jurisdiction would not exist. As Mr. Ramirez is a federal employee, Plaintiff's cause of action for damages, if any, is defined by the United States Supreme Court's decision in *Bivens v. Six Unknown Named Ages of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and its progeny. In *Bivens*, the Supreme Court recognized, for the first time and, it should be said, in the absence of Congressional authority, an implied cause of action for damages against federal officials. *Id.* at 392. In the years following *Bivens*, the Supreme Court has cabined this remedy to the claim at issue there, violations of the Fourth Amendment prohibition on unreasonable searches and seizures, and only two others. *See Egbert v. Boule*, — U.S. —, 142 S. Ct. 1793, 1802 (2022) (recognizing that *Bivens* has been extended only to "a former congressional staffer's Fifth Amendment sex-discrimination claim" and "a federal prisoner's inadequate-care claim under the Eighth Amendment"). Plaintiff's constitutional claims must be dismissed for lack of subject matter jurisdiction because there is no established cause of action against a federal official for due process violations asserted under the Fourteenth Amendment. *See id.* Similarly, there is no cognizable claim for damages under the Sixth Amendment. *See id.*

**C.**

The Amended Complaint also states claims for blackmail and fraud. (Doc. 16, ¶ 13.) It cites 18 U.S.C. § 873, but this is a statute establishing blackmail as a criminal offense. Plaintiff cannot state a civil claim under the statute establishing blackmail as a federal crime. These claims will be dismissed.

**IV.**

Plaintiff bears the burden to show that subject matter jurisdiction exists. He was

provided an opportunity to correct the Complaint's manifest jurisdictional defects. He has not done so, and the Amended Complaint will be dismissed in its entirety. The United States urges that the Court dismiss the Amended Complaint with prejudice. After considering the Amended Complaint and the United States' renewed Motion to Dismiss, the Court concludes that it lacks subject matter jurisdiction and further amendment would be futile. There are no facts that Plaintiff can assert that could state a cognizable claim for relief against Mr. Ramirez or any other federal defendant arising from the processing and denial of the I-130 application. Dismissal with prejudice is appropriate.

## V.

Accordingly,

**IT IS ORDERED**:

1. The United States' Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 17) is **granted**. The Amended Complaint is **dismissed with prejudice**.

2. All other pending Motions (Docs. 22, 23, and 24) are **denied as moot**.

3. The Clerk of Court shall enter judgment in Defendant's favor and close this case.

Dated this 26th day of September, 2022.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge